UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA GATES,<br>on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>THE QUAKER OATS COMPANY,<br><br>        Defendant. | 1:16-cv-01944-NLH-JS<br><br>**OPINION** |

**APPEARANCES**:

STEPHEN PATRICK DENITTIS
DENITTIS OSEFCHEN, PC
5 GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 410
MARLTON, NJ 08053

    On behalf of plaintiff

LIZA M. WALSH
SELINA MIRIAM ELLIS
WALSH PIZZI O'REILLY FALANGA LLP
ONE RIVERFRONT PLAZA
1037 RAYMOND BLVD.
6TH FLOOR
NEWARK, NJ 07102

ANDREW S. TULUMELLO
JASON R. MELTZER
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE., N.W.
WASHINGTON, D.C. 20036

MATTHEW A. HOFFMAN
GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-3197

    On behalf of defendant

**HILLMAN, District Judge**

Presently before the Court is the motion of defendant to transfer venue to the Central District of California. Plaintiff has not filed an opposition to defendant's motion. For the reasons expressed below, defendant's motion will be granted.

**BACKGROUND**

This action, filed on April 7, 2016, is one of four putative class actions pending in various federal courts against defendant, The Quaker Oats Company, alleging that statements on the packaging of certain Quaker Maple & Brown Sugar oatmeal products are misleading because those products purportedly do not contain maple syrup or maple sugar. Plaintiff in this case, Barbara Gates, makes essentially identical allegations against Quaker as the other three cases, including the first-filed action in the Central District of California. See Eisenlord v. The Quaker Oats Co., No. 16-cv-01442 (C.D. Cal.) (filed on March 1, 2016).

On April 8, 2016, the plaintiff in Aliano v. Quaker Oats Co., No. 1:16-cv-03087 (N.D. Ill.) (filed Mar. 11, 2016), which is currently pending in the Northern District of Illinois, moved to transfer and consolidate all the pending putative class actions, including this case, as part of an MDL. Gates filed a memorandum in support of that motion and asked the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") to transfer her

2

case from this Court to the Northern District of Illinois, arguing that "[t]ransferring these cases . . . for centralized management will promote the just and efficient conduct of the respective multidistrict actions by eliminating the potential for conflicting contemporaneous rulings by coordinate district courts" presiding over "nearly identical cases seeking redress against, inter alia, The Quaker Oats Company." (Docket No. 10-1 at 7-8.)  The J.P.M.L. denied Aliano's motion, but suggested that the parties seek "transfer of the later-filed cases under the 'first-to-file rule' to streamline this litigation." (Id. at 8.)

Quaker has moved to transfer this action, as well as the Aliano action and the other pending action, Drey v. Quaker Oats Co., No. 16-cv-04293 (N.D. Ill.) (filed April 13, 2016), to the Central District of California, because the Eisenlord action there was the first to be filed.  The court presiding over Eisenlord has deferred the deadlines in that case pending the decisions on the motions to transfer. (See Docket No. 18.) Even though plaintiff did not provide her consent to transfer her action to the Central District of California, she has not filed an opposition to Quaker's motion to transfer.

### DISCUSSION

**A.   Standard for Jurisdiction**

This Court may exercise subject matter jurisdiction over the

3

action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act (CAFA), which provides, in relevant part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."

    **B.**    **Analysis**

In federal court, venue questions are governed by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper, while § 1406 applies where the original venue is improper and provides for either transfer or dismissal of the case. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) (explaining that although either statute could theoretically provide a basis for the transfer of a case, only § 1406 can support a dismissal). Defendant in this case has moved for transfer pursuant to § 1404(a).

Even though the "analysis of whether transfer is appropriate does not necessarily require extensive investigation," Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988), a district court considering a § 1404(a) motion should evaluate both the convenience of the parties and various public-interest

4

considerations, Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 134 S. Ct. 568, 581 n.6 (2013). Factors relating to the parties' private interests include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Atlantic Marine, 134 S. Ct. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, n.6 (1981)) (internal quotation marks omitted).

Public-interest factors may include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. Id. (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. Id. (citation omitted). The decision to transfer falls in the sound discretion of the trial court. Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989).

A related doctrine is the "first-filed" rule. Under the "first-filed" rule, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the

subject must decide it." E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990) (citations omitted). "[T]his policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts." Id. (citations omitted). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." Id. (citations omitted).

In this case, it is clear that the factors for transfer of venue and the principles of the first-filed rule apply. Plaintiff's claims here mirror those in Eisenlord, almost verbatim. Plaintiff's claims involve the same parties – the putative class members and defendant Quaker. Plaintiff's claims involve the same issues of law, including whether certain claims are preempted by federal law. See 21 U.S.C. § 343-1(a)(3) (the Nutrition Labeling and Education Act). Moreover, plaintiff previously supported the transfer of her case as part of a MDL because "centralization is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." Those considerations have not disappeared simply

6

because the request for an MDL was denied.  Finally, plaintiff has not opposed Quaker's motion to transfer, which evidences a tacit concession to all of these points.

## CONCLUSION

Consequently, the Court finds that the public and private factors for transfer of venue, together with the principles of the first-filed rule, all warrant the transfer of this action to the Central District of California.  An appropriate Order will be entered.


Date: August 3, 2016                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.